W. Irving Throckmorton and Another, Appellants, *v.* Alexander B. Johnson, Respondent, and Others, Individually and as Copartners Doing Business under the Firm Name and Style of Johnson, Peterson & Griffith, and Another, Defendants.

First Department, May 29, 1931.

*Lloyd F. Thanhouser* of counsel [*Satterlee & Canfield*, attorneys], for the appellants.

*T. R. Iserman* of counsel [*Thomas F. Dougherty* with him on the brief; *Larkin, Rathbone & Perry*, attorneys], for the respondent.

MARTIN, J. The complaint herein al eges that prior to July 24, 1930, the plaintiffs together owned 552 of the 1,000 shares of stock of American Trustee Share Corporation which were authorized and outstanding; that prior to that date the plaintiffs and other stockholders in the corporation had given the firm of Johnson, Peterson & Griffith an option to buy the stock of the corporation at the rate of $250 per share; that prior to said date the defendants had reached an agreement with W. A. Harriman & Co. to sell eighty per cent of said stock at the rate of $375 per share; that on that date the defendants by fraudulent concealments and representations induced the plaintiffs to join in a new option agreement which was represented as necessary in order to make a sale to W. A. Harriman & Co. of said stock on behalf of all the stockholders including the plaintiffs, at the rate of $150 per share, said amount being represented as the maximum price obtainable; that on August 7, 1930, the defendants sold eighty per cent of the stock to W. A. Harriman & Co. at the rate of $375 per share and paid off the plaintiffs at the rate of $150 per share (less a commission of $10 per share), and that the defendants divided the secret cash and stock profit among themselves. The plaintiffs seek an accounting and their *pro rata* shares of the surplus cash and stock.

The defendant Johnson's answer contains a counterclaim which alleges that the plaintiffs, as two of the members of the firm of Throckmorton & Co., engaged in certain alleged improper practices in connection with investment trust securities issued by American Trustee Share Corporation; that such practices were concealed from Johnson who was thereby induced to become a member of the firm of Throckmorton & Co. on November 1, 1929; that the alleged improper practices of the plaintiffs continued until May, 1930, when they were disclosed and resulted in Johnson's suspension from the New York Stock Exchange for one year, to his damage in the sum of $500,000.

The plaintiffs moved to dismiss the counterclaim on two grounds:

(1) That the claim or demand set forth in the counterclaim has been specifically released under seal; and (2) that the counterclaim is not one which may properly be interposed in the action.

The first claim is based on the provisions of rule 110, subdivision 4, of the Rules of Civil Practice, and the second claim is based upon the provisions of section 266 of the Civil Practice Act, and rule 109, subdivision 4, of the Rules of Civil Practice.

The court at Special Term in an opinion stated as follows: " It is equally definitely established that when a rescission is asserted it must be in whole and not in part. (*Merry Realty Co.* v. *Shamokin & Hollis R. E. Co.*, 230 N. Y. 317.) If for no other reason this should prove ample to destroy plaintiffs' application for a dismissal of the counterclaim."

The defendant Johnson does not claim that the release was obtained through fraud or duress or by mistake. His sole contention is that a certain other agreement, the execution of which was recited in the release as *part consideration* therefor, has been " repudiated and rescinded " by the plaintiffs in their present action, and that as a result the release has become void and unenforcible.

The plaintiffs say that they have neither repudiated nor rescinded the transaction of which the release is a part, and that their position on this motion is in no way inconsistent with the position taken by them in their complaint.

The basis of plaintiffs' action is fraud. They allege that the fraud grew out of the representations and statements of defendant which were false and untrue with reference to certain investment trusts and stock of the American Trustee Share Corporation. These same investment trusts and their manipulation by plaintiffs are the basis of defendant's counterclaim. The broad ground of both causes of action is the fraud alleged to have been practiced in the handling of the investment trusts, all of which was one transaction, as a result of which the release was given to the plaintiffs.

The defendant says that if the settlement agreement is to be canceled or rescinded, the release which was a part thereof must fall because the release was a part of the consideration given in settling and adjusting the differences growing out of the handling of the investment trusts, including the claim set forth in the complaint. The plaintiffs may not rescind a part of the transaction and enforce that part which is of value to them.

We are now dealing with motions on the pleadings and the effect of a release. On the facts presented the motions were properly denied. On the trial the facts now set forth in affidavits may not

be sustained but, on the papers before us, the counterclaim has been properly pleaded and we would not be warranted in holding that the release is a bar to a recovery thereon.

The order should, therefore, be affirmed, with ten dollars costs and disbursements, with leave to the plaintiffs to reply upon payment of said costs.

FINCH, P. J., McAvoy, O'MALLEY and TOWNLEY, JJ., concur.

Order affirmed, with ten dollars costs and disbursements, with leave to the plaintiffs to reply within twenty days from service of order upon payment of said costs.